In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00195-CR

                                                ______________________________

 

 

                                 TRAVORIS RAY BENNETT,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                        On Appeal from the 71st Judicial District Court

                                                           Harrison County, Texas

                                                         Trial Court
No. 10-0215X

 

                                                     
                                             

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Travoris Ray
Bennett appeals from his conviction on his open plea of guilty to burglary of a
habitation with intent to commit sexual assault.  Tex. Penal
Code Ann. § 30.02 (Vernon 2003). 
Bennett was sentenced by the trial court to thirty years’
imprisonment.  He was represented by
different appointed counsel at trial and on appeal.  

            Bennett’s
attorney on appeal has filed a brief which discusses the record and reviews the
proceedings in detail.  Counsel has thus
provided a professional evaluation of the record demonstrating why, in effect,
there are no arguable grounds to be advanced. 
He also raises one potentially arguable ground (disproportionate
sentence), but recognizes that it was not preserved for appeal.  This meets the requirements of Anders v. California, 386 U.S. 738
(1967); Stafford v. State, 813 S.W.2d
503 (Tex. Crim. App. 1991); and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief to Bennett along with his motion to withdraw as
counsel, on November 24, 2010, informing Bennett of his right to file a pro se
response and of his right to review the record. 
Counsel has also filed a motion with this Court seeking to withdraw as
counsel in this appeal.  Bennett filed
his response January 19, 2011.  It
appears that the response was transcribed by another person, and largely
suggests that Bennett cannot read and write, and then suggests we should
disregard his statements in the record that he could do so.  The suggestion is also made that he is
mentally dysfunctional, has a low IQ, and thus could not have understood (and
did not understand) the proceedings.   

            However,
those statements are all outside the record. 
The presentence investigation (PSI) report considered by the court shows
that Bennett dropped out of school in the ninth grade, that he attended special
education classes, that he stated that he has difficulty reading and writing,
and that he had been diagnosed as learning disabled at age twenty-five.  The appellate record further shows that he
was admonished orally by the trial court as well as in writing, with
considerable pains taken by the court to ensure that Bennett understood what
was occurring, and Bennett’s answers were clear and concise.  The record provides no support for the
present suggestion that Bennett was in such a mental state as would justify a
reversal, and without such support in the record, there is no arguable issue
shown that could be raised on appeal. 

            We have
independently reviewed the clerk’s record and the reporter’s record, and we
agree that no arguable issues support an appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  

            In a
frivolous appeal, we are to determine whether the appeal is without merit and
is frivolous, and if so, the appeal must be dismissed or affirmed.  See
Anders, 386 U.S. 738.  We find the
appeal to be wholly frivolous.

            

 

 

 

 

 

 

 

 

            We
affirm the judgment of the trial court.[1]

 

 

 

 

                                                                                   Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          February
14, 2011

Date Decided:             February
18, 2011

 

Do Not Publish           

 

            

 

 

 

 

 











[1]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsel’s request to
withdraw from further representation of Bennett in this case.  No substitute counsel will be appointed.  Should Bennett wish to seek further review of
this case by the Texas Court of Criminal Appeals, Bennett must either retain an
attorney to file a petition for discretionary review or Bennett must file a pro
se petition for discretionary review. 
Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this Court.  See Tex.
R. App. P. 68.2.  Any petition for
discretionary review must be filed with this Court, after which it will be
forwarded to the Texas Court of Criminal Appeals along with the rest of the
filings in this case.  See Tex.
R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 68.4.